# United States District Court
# Central District of California

PAULA K. FISK,

        Plaintiff,

   v.

HEATHER WILSON, SECRETARY OF THE AIR FORCE,

        Defendants.

Case №: 5:18-cv-01309-ODW (SHKx)

**ORDER GRANTING MOTION TO DISMISS [11]; AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL [14]**

## I.    INTRODUCTION

Plaintiff Paula K. Fisk, proceeding pro se, brings this action against Defendant Heather Wilson, Secretary of the Air Force, alleging that her former employer discriminated against her by not rehiring her at Vandenberg Air Force Base. (Compl. 3, ECF No. 1.) Defendant moves to dismiss Fisk's Complaint on the basis that she failed to timely file a civil action. (Mot. to Dismiss ("Mot."), ECF No. 11.) Additionally, Fisk requests that the Court appoint her counsel. (Req. for Att'y, ECF No. 14.)

For the reasons that follow, the Court **GRANTS** Defendant's Motion (ECF No. 11) and **DENIES** Fisk's Request for Appointment of Counsel ("Request") (ECF No. 14).[1]

## II. FACTUAL BACKGROUND

In June 2007, Fisk retired from the Air Force as a Community Readiness Coordinator with over twenty-five years of service with the U.S. government. (Compl. 3.) In 2016, Fisk applied for reemployment at Vandenberg Air Force Base ("VAFB") but was not selected. (Compl. 3.) In August 2016, Fisk sought counseling for her grievances with the Equal Employment Opportunity ("EEO") office, but her concerns were not resolved during the informal process. (Decl. of Vanneca Phelps Ex. 1 ("Final Agency Decision"), at 3, ECF No. 11-1.)[2] Accordingly, on September 27, 2016, Fisk filed an EEO complaint. (Final Agency Decision 3.) The Air Force conducted an investigation, provided Fisk with the report of investigation and investigative file, and on March 16, 2018, sent Fisk a copy of the Final Agency Decision. (Final Agency Decision 1, 3.) The Final Agency Decision informed Fisk that she had ninety (90) days from receipt of the Final Agency Decision to file a civil action in district court. (Final Agency Decision 13.) Fisk received the Final Agency Decision on March 17, 2018. (Decl. of Vanneca Phelps Ex. 2.) Fisk had until June 15, 2018, to file her lawsuit.

On June 18, 2018, Fisk filed her Complaint in this Court. (*See* Compl.) She alleges three causes of action for age discrimination, reprisal for engaging in protected activity, and violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. (Compl. 5–7.)

---

[1] After carefully considering the papers filed in connection with the Request for Appointment of Counsel and Motion, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Although a court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion, it may consider documents incorporated by reference in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The Court does that here.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Accusations of fraud require a plaintiff to plead with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Rule 9(b) requires that the complaint identify the "who, what, when, where, and how" of the fraudulent activity, "as well as what is false or misleading about" it, and why it is false. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

## IV. REQUEST FOR APPOINTMENT OF COUNSEL

As an initial matter, the Court addresses Fisk's Request for Appointment of Counsel.

Generally, a person has no constitutional right to counsel in civil cases. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986); *see also Olson v. Smith*, 609 F. App'x 370, 372 (9th Cir. 2015) ("As a general proposition, a civil litigant has no right to counsel.").

"The Court has no direct means by which to compensate counsel . . . nor does the Court have authority compulsorily to appoint an attorney to represent . . . ." *Samuel v. Woodford*, No. CV 05-5990-JHN (VBK), 2011 WL 1361533, at *2 n.2 (C.D. Cal. Mar. 2, 2011). "A federal district court may under 'exceptional circumstances' request the service of counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *McDaniels v. United States*, No. ED CV 14-2594-VBF-JCG, 2015 WL 4511735, at *2 (C.D. Cal. July 23, 2015). It is the indigent party's burden to demonstrate that such circumstances exist. *See Antonetti v. Skolnik*, No. 3:10-cv-00158-LRH-WGC, 2013 WL 4402334, at *2 (D. Nev. Aug. 14, 2013). Some district courts within this circuit have called it "exceedingly rare" for a federal court to appoint counsel to an indigent litigant in a civil case. *See id.* (citing *30.64 Acres of Land*, 795 F.3d at 799–800; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

"[T]o determine whether this is the extraordinary case where the Court would appoint or ask an attorney to represent a civil litigant, a district court in our circuit 'evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved.'" *Adams v. Hedgpeth*, No. LA CV 11-03852-VBF-FFM, 2016 WL 4035607, at *7 (C.D. Cal. June 8, 2016) (quoting *Spicer v. Richards*, No. C07-5109 FDB, 2008 WL 4181735, at *2 (W.D. Wash. Sept. 8, 2008)).

Fisk has failed to demonstrate that this is the rare case where the issues at hand are so complex that the interests of justice would be served by appointment of counsel. In her Request, Fisk notes that she is "currently capable of moving forward with this lawsuit," and that she is "strong emotionally to move forward with [her] request for a jury trial." (Req. for Att'y 1–2.) Accordingly, her Request is **DENIED**.

## V. TIMELINESS OF COMPLAINT

A federal employee or applicant for federal employment "must seek relief in the agency that has allegedly discriminated against him" prior to filing a civil action in federal court. *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (internal quotation marks omitted). After exhausting the administrative remedies, a complainant has ninety (90) "days [from] receipt of the final action" to file a civil action in the United States District Court. 29 C.F.R. § 1614.407(a). If a "claimant fails to file within [the] 90-day period, the action is barred." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (affirming dismissal of action where claimant missed the deadline by three days to file a complaint). "Courts have been generally unforgiving . . . when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Id.* at 268. However, the period to file a lawsuit can be tolled by the doctrine of equitable tolling. *Id.* ("[T]he Supreme Court has allowed equitable tolling . . . when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate.").

Here, Fisk failed to file her civil action within the ninety-day time period prescribed by 29 C.F.R. § 1614.407(a). Fisk received the Final Agency Decision on March 17, 2018; thus, she had until June 15, 2018, to file her lawsuit. She did not file her Complaint until June 18, 2018. Fisk's Opposition, submitted in the form of a hand-written declaration (somewhat illegible), contains a recitation of her background and unfortunate medical history. (*See generally* Decl. of Paula K. Fisk (hereinafter, "Opp'n"), ECF No. 15.) Although the Court is sympathetic to Fisk's circumstances,

Fisk's Opposition failed to dispute her receipt of the Final Agency Decision or address whether the Court should equitably toll her claims. Fisk notes that she did not personally receive the Final Agency Decision on March 17, 2018, but that her first cousin retrieved the mail for her. (Opp'n 17.) She also claims that she had emotional and mental issues that affected her ability to timely file her case. (Opp'n 18.) However, these facts are insufficient to toll her filing deadline. *See Scholar*, 963 F.2d at 268 (refusing to toll the filing deadline by three days on the basis that the claimant received the letter a few days after her daughter signed for the letter). Accordingly, absent equitable tolling, Fisk's Complaint is untimely filed.

### A. Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

At this time, the Court does not find that leave to amend would be futile. Accordingly, Fisk's Complaint is **DISMISSED WITH LEAVE TO AMEND**. Specifically, if Fisk is able to amend to allege facts sufficient to support the application of equitable tolling, she may so amend on or before **September 23, 2019.** Additionally, although not raised in the Motion, Fisk should also take this opportunity to provide additional facts in support of her claims.

Fisk is advised that the Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions. The Los Angeles Clinic operates by appointment only. Appointments are available either

by calling the Clinic or by using an internet portal. The Clinic can be reached at (213) 385-2977, ext. 270 or through an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can respond to many questions with a telephonic appointment or through an email account. It may be more convenient to email questions or schedule a telephonic appointment. Staff can also schedule an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. Fisk is encouraged to visit the Clinic or otherwise consult with an attorney prior to amending her Complaint.

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 11) and **DENIES** Fisk's Request for Appointment of Counsel (ECF No. 14). Fisk shall have up to and including **September 23, 2019** to amend her Complaint. Should Fisk fail to amend her Complaint by the date prescribed above, then this Order will convert into a dismissal of her Complaint with **prejudice**.

**IT IS SO ORDERED.**

August 23, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**