O

# United States District Court
# Central District of California

| | |
|---|---|
| PAULA K. FISK, | Case № 5:18-CV-01309-ODW (SHKx) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM DISMISSAL [26]** |
| v. | |
| HEATHER WILSON, SECRETARY OF THE AIR FORCE, | |
| Defendant. | |

## I. INTRODUCTION & BACKGROUND

Plaintiff Paula K. Fisk, proceeding pro se, initiated this action against Defendant Heather Wilson, Secretary of the Air Force ("Defendant"), alleging her former employer discriminated against her by not rehiring her at Vandenberg Air Force Base. (Compl. 3, ECF No. 1.) The Court previously granted Defendant's Motion to Dismiss Fisk's complaint as time barred and granted Fisk leave to amend to plead allegations supporting equitable tolling. (Order Granting Def.'s Mot. to Dismiss ("Order") 5–7, ECF No. 25.)[1] The Court noted that the dismissal would convert to a dismissal with prejudice should Fisk fail to timely amend her complaint. (Order 6–7.) However, instead of amending, Fisk filed the instant "Motion in Opposition of

---

[1] The Court addressed the relevant history and factual allegations in its August 23, 2019 Order, and incorporates that discussion here by reference. (Order, ECF No. 25.)

Defendant's Motion to Dismiss and Order Granting Motion to Dismiss and Motion For Relief From Dismissal" ("Motion"), which the Court construes as a motion for reconsideration. (Mot., ECF No. 26.) For the reasons below, the Court **DENIES** Plaintiff's Motion. (ECF No. 26.)[2]

## II. LEGAL STANDARD

As Fisk is pro se and does not specify the legal authority under which she moves, the Court construes Fisk's Motion as a motion for reconsideration of the Court's Order pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), Rule 60(b), and Local Rule 7-18.[3]

Rule 60(b) provides for reconsideration of a "final judgment, order, or proceeding" only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a judgment that has been satisfied; (6) or some other reason that justifies relief. Rule 60(b). Under Rule 59(e), a motion to amend or alter a judgment is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). A court may disregard "repeated legal arguments" and "facts that were available earlier in the proceedings." *Id.*

Local Rule 7-18 places additional limitations on motions for reconsideration. First, a movant may not "repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7-18; *Rosenfeld v. U.S. Dep't of*

---

[2] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[3] A Rule 59(e) motion requires the predicate entry of a final judgment and a Rule 60(b) motion the predicate entry of a final order or judgment. *See* Rule 59(e); Rule 60(b). Although the Court's Order Granting Defendant's Motion to Dismiss was an interlocutory order in that it granted leave to amend and did not end the litigation, Fisk's failure to timely amend her complaint results in that dismissal's conversion to a dismissal with prejudice. (*See* Order 7.) In light of Fisk's pro se status and the conversion of the dismissal to one with prejudice, the Court considers Fisk's Motion liberally under all three bases for reconsideration.

*Justice*, 57 F.3d 803, 811 (9th Cir. 1995). Also, "[a] motion for reconsideration may be made only on the grounds of":

> (a)  a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b)  the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c)  a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. Civ. L.R. 7-18; *see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013). Displeasure with the outcome alone is insufficient; unless the moving party shows that one factor exists, the Court will not grant reconsideration. *See McMichael v. U.S. Filter Corp.*, No. EDCV 99-182VAP (MCx) (Consol.), 2001 WL 418981, at *17 (C.D. Cal. April 17, 2001).

"Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007). "A mere attempt by the moving party to reargue its position by directing [the court] to additional case law and arguments which it clearly could have made earlier, but did not is not the purpose of motions for reconsideration under Local Rule 7-18." *Duarte v. J.P. Morgan Chase Bank*, No. CV 13-1105-GHK (MANx), 2014 WL 12567787, at *1 (C.D. Cal. May 19, 2014) (alterations omitted) (citing *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal 1999)).

### III.  DISCUSSION

Fisk moves for relief from the Order dismissing her complaint with leave to amend, but fails to establish any of the factors necessary to warrant reconsideration under Rule 59(e), Rule 60(b), or Local Rule 7-18.

Fisk fails to present any newly discovered evidence, an intervening change in controlling law, or demonstrate that the Court committed clear error in dismissing her

complaint with leave to amend. Nor does she identify mistake, surprise, excusable neglect, fraud, or any extraordinary circumstances that would justify reconsideration of the Court's previous conclusions. Fisk also fails to establish the existence of a material difference in fact or law, the emergence of new facts or a change in the law, or a manifest failure by the Court to consider material facts. Instead, Fisk merely improperly repeats arguments and rehashes facts previously considered.

In her Motion, Fisk states that missing the deadline for filing her complaint was inadvertent, cites two cases that predate Defendant's motion to dismiss, and submits thirteen documents[4] reflecting facts previously raised in her complaint and her opposition to Defendant's motion to dismiss. (*See* Mot. 1–2; *compare* Decl. in Supp. of Mot. ("Decl.") ¶¶ 3–15, pp. 8–51, ECF No. 26 *with* Decl. of Paula K. Fisk ("Opp'n to Def.'s Mot. to Dismiss"), ECF No. 15.) However, in its prior Order, the Court considered the facts and circumstances surrounding Fisk's late-filing of her complaint and noted that, although the Court was sympathetic to Fisk's background and unfortunate medical history, Fisk's opposition was insufficient to satisfy the standard for equitable tolling. (Order 2, 5–6; *see also* Opp'n to Def.'s Mot. to Dismiss.) Accordingly, the Court granted Fisk leave to amend, specifically to "allege facts sufficient to support the application of equitable tolling" if she was able. (Order 6.) This is essentially the relief Fisk now seeks, yet rather than amend, Fisk filed the instant motion for relief, which only reiterates the same facts and arguments raised in her previous opposition. As "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion," Fisk's Motion fails. C.D. Cal. L.R. 7-18.

The Court understands that navigating the legal system as a pro se litigant can be challenging, which is one reason why the Court advised Fisk to consult with the

---

[4] Fisk submits as an exhibit a letter dated September 2019, addressed to this Court. (*See* Decl. ¶ 15, pp. 47–51.) However, the Court did not receive this letter prior to Fisk's filing the Motion and, even if it had, the local rules prohibit letters to the judge. *See* Local Rule 83-2.5. Accordingly, the Court concludes Fisk prepared the letter only as an exhibit to her Motion, and considers it as such.

Federal Pro Se clinic prior to taking next steps. (Order 6–7.) Nonetheless, the standards governing reconsideration apply equally to Fisk as to any other litigant and Fisk's obligation to abide by this Court's rules and procedures is not diminished merely because she appears pro se. C.D. Cal. L.R. 1-3. Fisk fails to establish any of the factors necessary for the Court to reconsider its prior Order. Accordingly, Fisk's Motion is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Fisk's Motion. (ECF No. 26.)

**IT IS SO ORDERED.**

February 18, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**